IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD L. DAVIS, #40050074 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-2487-N-BK |
| | § | |
| BUREAU OF PRISONS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a federal prisoner from Tennessee, filed a *pro se Bivens Complaint* against the Federal Bureau of Prisons (BOP) and the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas. Plaintiff requests leave to proceed *in forma pauperis*. For the reasons that follow, it is recommended that the case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The United States Court of Appeals for the Fifth Circuit has upheld the constitutionality of the three-strike provision. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Plaintiff has already accrued three strikes under section 1915(g). Before filing this action, he had at least three civil actions dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b). *See Davis v. United States Marshal Service*, No. 1:13-CV-0173 (E.D. Tenn.

May 31, 2013) (collecting numerous prior strikes and dismissals under section 1915(g), including cases filed while Plaintiff was incarcerated in state prison); *Davis v. Howerton*, No. 3:12-CV-659 (E.D. Tenn. Jan. 16, 2013) (same); *Davis v. Warden Howerton*, No. 3:12-CV-086 (E.D. Tenn. Apr. 9, 2012) (same).[1]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Even when liberally construed, the complaint presents no such claim. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff complains only of being denied care for chronic medical conditions following his May 2013 transfer to the BOP after 31 years in the Tennessee state prison system. (Doc. 3 at 2-6). Therefore, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.[2]

---

[1] The docket sheet for No. 1:13-CV-173 reflects the same BOP number as in this case.

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See* id. The $50 administrative fee will not be deducted. *Id.*

**SIGNED** July 9, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE