IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD L. DAVIS, #40050074 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-2487-N-BK |
| | § | |
| BUREAU OF PRISONS, et al., | § | |
| Defendants. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a *pro se* litigant, filed a *Bivens Complaint* against the Federal Bureau of Prisons (BOP) and the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas, complaining of denial of medical care at the West Tennessee Detention Center, where he is temporarily detained awaiting transfer to the BOP, following 31 years in the Tennessee state prison system.[1] (Doc. 3). The United States Magistrate Judge recommended that Plaintiff's motion to proceed *in forma pauperis* be denied and that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g). (Doc. 5). Plaintiff has filed *Objections* (Doc. 6), and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Plaintiff's *Objections*, however, present only a general, conclusory claim that he may have been in danger of any physical injury at the time of filing of the complaint. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff merely alleges that, at the

---

[1] The West Tennessee Detention Center is a private prison run by CCA.

West Tennessee Detention Center (a temporary assignment which has lasted so far only about six weeks), he receives no treatment for "his hepatitis C . . . benign prostate hypertrophy (BPH) . . . [and] troublesome testicular cyst which is causing him severe pain." (Doc. 6 at 2). In addition, he claims "being denied proper medical care and diet for [his] diabetes." *Id.* However, apart from listing his chronic medical conditions and complaining of pain, Plaintiff fails to explain what, if anything, he experienced as a result of his chronic medical conditions that caused him to be in "imminent danger of serious physical injury" at the time he filed his petition. Nor does he expound on the treatment, if any, that he received during his many years in state prison, and that allegedly he is not receiving at the detention center. *Id.* at 2-3. Moreover, Plaintiff's assertion that "just sitting here at a detention center without any proper medical care and treatment, its [sic] very clear that plaintiff is going to die," *Id.* at 2, is conclusory and clearly insufficient to meet his burden under *Banos*.

Furthermore, it is noteworthy that Plaintiff concedes filing this lawsuit only to expedite his designation to a federal facility. In fact, he concedes that "[t]he only real thing that plaintiff prefer[s] is to be designated to a . . . federal facility where plaintiff . . . can get . . . some adequate medical care and treatment." (Doc. 6 at 3). Plaintiff, an experienced litigator, is well aware that any action complaining of improper medical treatment at the West Tennessee Detention Center should be filed in the United States District Court for the Western District of Tennessee. *See Davis v. Howerton, et al.*, No. 3:12-CV-659 (E.D. Tenn. Jan 16, 2013) (dismissing case as barred by three strikes, but advising Plaintiff that a claim of denial of medical care should be filed in the Western District of Tennessee).

Accordingly, Plaintiff's objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that Plaintiff is **BARRED** by the three-strike provision of 28 U.S.C. § 1915(g), and that his motion to proceed *in forma pauperis* (Doc. 4) is **DENIED**.

SO ORDERED this 24th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE